IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RANDY EUGENE COFIELD,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| V. : | |
| : | NO. 5:24-cv-00005-TES-MSH |
| **SHERIFF GARY LONG,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER OF DISMISSAL

Plaintiff Randy Euguene Cofield, a detainee in the Butts County Detention Center in Jackson, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff did not, however, support his motion to proceed *in forma pauperis* with a certified account statement, and thus, the United States Magistrate Judge ordered Plaintiff to do so. Order, ECF No. 4.

Thereafter, Plaintiff filed a new motion to proceed *in forma pauperis* with a certified account statement. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 5. Although a prison official signed the account certification form on February 8, 2024, the accompanying transaction statement was dated October 4, 2023, which was nearly three months before Plaintiff filed his complaint in this action. *See* Attach. to Mot., ECF No. 5-1. The court determines the initial filing fee based on the average balance and

deposits to Plaintiff's account for the six months before he files a complaint. Therefore, because Plaintiff's transaction statement was printed three months before he filed the complaint, the transaction statement did not provide the information the Court needs to determine Plaintiff's initial filing fee.

Moreover, Plaintiff also filed a notice stating that, as of February 9, 2024, he would no longer be in the Butts County Jail. Notice of Change of Address, ECF No. 6. Plaintiff did not provide a new address. Instead, he asked the Court to contact the Marshal for his new address. *Id.* It is not the Court's responsibility to locate Plaintiff to allow his case to proceed. To the contrary, it is Plaintiff's responsibility to keep the Court apprised of any address changes, and his failure to do so constitutes a failure to prosecute this case.

On March 19, 2024, the Magistrate Judge ordered Plaintiff to show cause why this case should not be dismissed based on his failure to provide an account transaction statement showing his transactions for the six months before he filed this case and his failure to keep the Court informed of his current address. The Magistrate Judge gave Plaintiff fourteen days to respond and cautioned Plaintiff that his failure to comply could result in the Court dismissing his case.

More than fourteen days have now passed since the Magistrate Judge entered the show cause order, and Plaintiff has not responded to that order. Thus, because Plaintiff has failed to comply with the previous orders or to otherwise prosecute his case, the Court now **DISMISSES** the Complaint **without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d

541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."). Plaintiff's pending motions to proceed *in forma pauperis* are **DENIED AS MOOT**.

    **SO ORDERED**, this 30th day of April, 2024.

                                            S/Tilman E. Self, III
                                            **TILMAN E. SELF, III, JUDGE**
                                            **UNITED STATES DISTRICT COURT**